IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20082
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS RIOS-GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-576-ALL
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Rios-Garcia pleaded guilty to one charge of illegal reentry into the United States, a violation of 8 U.S.C. § 1326, and he was sentenced to 30 months in prison. He now appeals his conviction and sentence. He first argues that the district court erred by applying U.S.S.G. § 2L1.2(b)(1)(C) at his sentencing. He contends that his prior felony conviction for possession of cocaine did not merit the eight-level enhancement provided in § 2L1.2(b)(1)(C) for an aggravated felony and that he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have received only the four-level enhancement provided in § 2L1.2(b)(1)(D) for "any other felony."  Rios-Garcia's arguments on this issue are foreclosed by our decision in United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002).

Rios-Garcia also argues, for the first time on appeal, that 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional because they treat a prior conviction for an aggravated felony as a sentencing factor and not an element of the offense.  Rios-Garcia concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Rios-Garcia has shown no error in the judgment of the district court.  Accordingly, that judgment is AFFIRMED.